IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TAD K.L. ENGMAN,

     Plaintiff,         No. 03:14-cv-00734-HZ

  v.

VETERANS ADMINISTRATION     OPINION & ORDER
PORTLAND MEDICAL CENTER,

     Defendant.

Tad K.L. Engman
19610 S.W. Sandra Lane
Beaverton, Oregon 97006

   Plaintiff *Pro Se*

S. Amanda Marshall
UNITED STATES ATTORNEY
District of Oregon
Kevin Danielson
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

   Attorneys for Defendant

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Plaintiff Tad K.L. Engman brings this action against the "Veterans Administration, Portland Medical Center," under the federal Privacy Act, 5 U.S.C. § 552a, complaining that Defendant changed his name on its medical and related records and failed to acknowledge his request to correct them. Defendant moves to dismiss, arguing that the claim is moot. While Defendant establishes that corrections have been made, Plaintiff alleges that errors persist, precluding a determination that the entire claim is moot. While the motion to dismiss was pending, Plaintiff moved to file a supplemental complaint. For the reasons explained below, I deny that motion.

## BACKGROUND

In his First Amended Complaint, Plaintiff alleges that the "Portland VA Medical Center" changed his name on its medical records. First Am. Compl. at p. 3. On March 11, 2014, he requested the Enrollment Office correct his name back to the way it was. Id. He alleges that the request was received by mail on March 12, 2014. At the time he filed his original Complaint on May 2, 2014, and again in his First Amended Complaint filed on May 29, 2014, Plaintiff stated that Defendant had not acknowledged his request and had not yet corrected "all portions of all my records." Id.; Compl. at p. 3. He further alleged that Defendant's failure to correct his name has caused him extreme stress and mental trauma. First Am. Compl. at p. 3.

As relief, he seeks $1,000 "plus what Court decides in damages," as well as an order that Defendant properly correct "all my records, at the VA and anywhere else," and furnish him with a certification of what has been done as to "all records including those outside the VA which have been corrected." Id. at p. 5. He also seeks costs and attorney's fees. Id.

2 - OPINION & ORDER

In a section asserting his basis for federal question jurisdiction, he cites to 5 U.S.C. §§ 551a(g)(1)(C) and (D) "as relates to" 5 U.S.C. §§ 552a(d)(2)(A) and (B). Id. at p. 3.

## STANDARDS

Mootness is properly raised in a motion under Federal Rule of Civil Procedure 12(b)(1) addressing the court's subject matter jurisdiction. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In assessing a "factual attack" on federal jurisdiction which "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction[,]" Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004), the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Id.; see also Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009) (in resolving a Rule 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes). The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Safe Air, 373 F.3d at 1039.

## DISCUSSION

Congress passed the Privacy Act to "'protect the privacy of individuals identified in information systems maintained by Federal agencies'" by regulating "'the collection, maintenance, use, and dissemination of information by such agencies.'" Doe v. Chao, 540 U.S. 614, 618 (2004) (quoting Privacy Act of 1974, § 2(a)(5), 88 Stat. 1896). The Privacy Act gives "detailed instructions" to federal agencies for managing their records and "provides for various sorts of civil relief to individuals aggrieved by" the government's failure to comply with the requirements. Id.

3 - OPINION & ORDER

Under the Privacy Act, an individual may request an amendment of a record pertaining to the individual. 5 U.S.C. § 552a(d)(2). The agency then has a duty to acknowledge the amendment request within ten days of receiving it and to "promptly" make the requested correction or inform the individual of the agency's refusal to do so. 5 U.S.C. §§ 552a(d)(2)(A) and (B).

Civil remedies for violations of subsection (d) are spelled out in 5 U.S.C. § 552a(g). Under subsection 552a(g)(1)(C), if the agency fails to maintain a record "concerning any individual with such accuracy . . . necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual[,]" the individual may bring a civil action against the agency in a United States district court. 5 U.S.C. § 552a(g)(1)(C). Although Plaintiff cites this subsection, he fails to allege that any inaccuracy in his name resulted in a determination adverse to him. Thus, this subsection provides him no relief.

But, under subsection 552a(g)(1)(D), another subsection cited by Plaintiff, he may maintain a civil action against an agency for "fail[ing] to comply with any other provision of this section . . . in such a way as to have an adverse effect on an individual[.]" 5 U.S.C. § 552a(g)(1)(D). "Adverse effect" can include emotional distress. Albright v. United States, 732 F.2d 181, 186 (D.C. Cir. 1984) ("emotional trauma alone is sufficient to qualify as an 'adverse effect' under Section 552a(g)(1)(D) of the [Privacy] Act."). Because Plaintiff alleges that Defendant failed to comply with 5 U.S.C. § 552a(d)(2)(A) and (B) by not acknowledging his request to correct his records within the ten days allowed and by not making the correction, and

he alleges that this has had an adverse effect on him, subsection 552a(g)(1)(D) allows him to bring an action against the agency.

In support of its motion to dismiss, Defendant initially relies on the Declaration of Molly Kok, Chief of the Business Office at the Portland VA Medical Center.  Kok Aug. 28, 2014 Decl. at ¶ 1.  She states that in January 2014, Plaintiff's name was changed in the VA's electronic medical record, although it is unclear why.  Id. at ¶ 2.  Appended to her Declaration is a printout of the history of corrections made to Plaintiff's name.  Ex. 1 to Kok Aug. 28, 2014 Decl.  In March 2014, several attempts to correct Plaintiff's name were made.  Kok Aug. 28, 2014 Decl. at ¶ 2; Ex. 1.  Eventually, on March 25, 2014, the final change was to "TAD K L ENGMAN" in accordance with Plaintiff's preference.  Id.; Ex. 1.  Kok notes that although Plaintiff's middle initials in the caption of this case include punctuation, the VA's electronic medical record system cannot include punctuation for middle initials.  Id.

Plaintiff offers no evidence to refute Kok's assertion that Defendant properly corrected his name on its electronic medical records by March 25, 2014, before this lawsuit was filed.  Thus, this part of his claim was moot even before he commenced litigation.

Plaintiff's claim encompasses more than his medical records, however.  By referring to "all portions of all my records" in "Claim I," he clearly seeks to have his name corrected on all records generated or maintained by Defendant.[1]  Plaintiff submits evidence of other non-medical

---

[1] To the extent Plaintiff requests that this Court order an entity other than the VA's Portland Medical Center, the only named Defendant, to correct records, I dismiss the claim. Courts may not rule on the rights of persons not currently before them.  See Zepeda v. U.S. Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

"records" which contained errors in his name. A February 26, 2014 letter to Plaintiff from the Portland VA Medical Center regarding Plaintiff's "Means Test" was addressed to "TAD LINNELL ENGMAN KL." Pl.'s Resp. to Motion, Ex. A at 11. Another mailing from the Portland VA Medical Center, which Plaintiff asserts he received on August 28, 2014, was addressed to "TAD K ENGMAN L." Id., Ex. B at 1.

In a second Declaration, Kok explains that she has entered a computer work order for computer programming changes to the visual display on the "VetLink kiosk" at the Portland VA Medical Center. Kok Oct 3, 2014 Decl. at ¶ 2. As a result, all names will appear in capital letters such as "TAD K L ENGMAN." Id. She has also entered a computer work order for computer programming changes so that names of all veterans with more than one middle initial, including Plaintiff's, display properly on all billing statements issued by the Department of Veterans Affairs. Id. at ¶ 3.

Additionally, Charles Wilson, a supervisor at the Intake Processing Center at the VA's Portland Regional Office, states that he has access to three types of computer records for the Veterans Administration: (1) "SHARE," which allows Regional Offices to access data sources located on different databases in multiple locations; (2) "MAP-D," which is a tool to help perform proper claims development and is used by the VA to provide customer service; and (3) "VBMS," or the Veterans' Benefit Management System, which is an electronic claims processing system. Wilson Decl. at ¶ 2. Wilson has reviewed all of these records for Plaintiff and confirms that they now all show the name of "TAD KENNETH LINNELL ENGMAN." Id. at ¶¶ 3, 4, 5, 6.

With these Declarations, Defendant attempts to establish that all the records over which it has access have been corrected to accurately reflect Plaintiff's name. "Article III of the

Constitution limits federal courts to the adjudication of actual, ongoing cases or controversies between litigants." Logan v. U.S. Bank Nat'l Ass'n, 722 F.3d 1163, 1166 (9th Cir. 2013). "If a 'live' controversy ceases to exist because of changed circumstances after the complaint is filed, the claim is moot and no longer justiciable." Id. As Logan recognized, however, if the basis "for mootness is defendant's voluntary conduct," the defendant must show that the "'allegedly wrongful behavior could not reasonably be expected to recur.'" Id. (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc., 528 U.S. 167, 190 (2000)).

While the Declarations indicate that Plaintiff's electronic medical record has been corrected, that computer programming changes have been made so that displays on the kiosk and in billing statements will correctly reflect Plaintiff's name, and that the three other types of records which Defendant accesses are correctly displaying Plaintiff's name, Plaintiff, in a separate filing, contends that he received a co-pay billing statement on October 29, 2014 which incorrectly displayed his name and that the kiosk at Defendant's Hillsboro Clinic did not correctly display his name on November 21, 2014.[2] As a result of this assertion by Plaintiff, Defendant fails to show that the "allegedly wrongful behavior" has not recurred. Thus, Plaintiff's claim regarding non-medical records is not moot.

Plaintiff also seeks damages, costs, and attorney's fees. Under subsection 552a(g)(1)(4), an individual suing for a violation of subsection 552a(g)(1)(D) is entitled to "actual damages," costs, and attorney's fees but only if "the court determines that the agency acted in a manner which was intentional or willful[.]" 5 U.S.C. § 552a(g)(1)(4). Defendant argues that Plaintiff is

---

[2] Plaintiff made this representation in a motion to cancel oral argument. See ECF 51; Plf.'s Mtn to Cancel Oral Arg. at p. 4, ¶ 10.

7 - OPINION & ORDER

not entitled to actual damages because he did not allege that the VA's actions were intentional or willful and because "actual damages" under the Privacy Act do not include damages for emotional or mental distress.

I agree with Defendant. In his First Amended Complaint, Plaintiff fails to allege that Defendant's actions were intentional or willful. Thus, under section 552a(g)(1)(4), Plaintiff is not entitled to any monetary relief. Furthermore, even if Plaintiff had included an intentional or willful allegation in the operative pleading, Plaintiff would be limited to "actual damages" which do not include damages for emotional distress or mental anguish, the only damages Plaintiff alleges. FAA v. Cooper, 132 S. Ct. 1441, 1446, 1456 (2012). Additionally, although Plaintiff requests attorney's fees, they are unavailable to him as a *pro se* litigant. Kay v. Ehrler, 499 U.S. 432, 435 (1991) ("[A] *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees.").

Thus, even if Plaintiff had alleged intentional or willful conduct, and even if Plaintiff could sustain his allegation that Defendant violated the Privacy Act and did so intentionally or willfully, Plaintiff cannot obtain emotional distress damages or attorney's fees. Moreover, contrary to Plaintiff's demand, no jury trial is allowed for his Privacy Act claim. E.g., Buckles v. Indian Health Serv., 268 F. Supp. 2d 1101, 1102-03 (D.N.D. 2003); Flanagan v. Reno, 8 F. Supp. 2d 1049, 1053 n.3 (N.D. Ill. 1998); Chambers v. U.S. Dep't of Interior, No. 05-0380 (JR), 2010 WL 2293262, at *1 n.1 (D.D.C. May 28, 2010).[3] Thus, while I deny Defendant's motion as to the non-medical records, I grant the motion as to the electronic medical records and as to any request by Plaintiff for damages, attorney's fees, and costs. I also deny

---

[3] If Plaintiff had alleged intentional or willful conduct and if he could establish that Defendant violated the Privacy Act and did so intentionally or willfully, he could obtain costs.

8 - OPINION & ORDER

Plaintiff's request for a jury trial.

On December 14, 2014, Plaintiff moved for leave to file a supplemental complaint under Federal Rule of Civil Procedure 15(d).  The May 13, 2014 Discovery and Pretrial Scheduling Order provided that any amended or supplemental pleadings allowed under Rule 15 must be filed within 120 days of the date of that Order (meaning by September 9, 2014).   The motion to supplement was filed more than three months after that deadline and therefore is denied.[4]

Even if I considered the merits of the motion, I deny it.  Rule 15(d) provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed."  William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co., Inc., 668 F.2d 1014, 1057 (9th Cir.1982).  However, "[w]hile leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action[.]"  Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (citation and internal quotation marks omitted).

As I understand Plaintiff's proposed supplemental complaint, he attempts to add several new causes of action including that Defendant has violated the "disclosure statutes" under the

---

[4]  On October 8, 2014, Defendant moved to modify the scheduling order and extend certain deadlines.  ECF 45.  Because the motion was filed after the deadline for amending or supplementing pleadings and because the motion sought only to extend the deadlines for discovery, the joint alternative dispute resolution report, and the pretrial order, the Order granting Defendant's scheduling modification motion did not affect the September 9, 2014 deadline for amending or supplementing the pleadings.

9 - OPINION & ORDER

Privacy Act and has somehow also violated provisions of the Privacy Act regarding (1) the maintenance of records used in making a determination about the individual, (2) the dissemination of records to persons other than an agency, (3) the establishment of rules and safeguards for persons involved in the design, development, operation, or maintenance of a records system, and (4) the establishment of administrative, technical, and physical safeguards insuring the security and confidentiality of records.  See Prop. Supp'l Compl. at ¶ IIB (asserting federal question jurisdiction under 5 U.S.C. § 552a(b), (c), (e)(5), (6), (9), (10)).  However, other than the conclusory allegations that Defendant "has failed to maintain accurate records on me" and "has violated disclosure statutes," the proposed supplemental complaint contains no facts supporting the newly proposed claims.  The factual allegations remain the same as they were in the First Amended Complaint without amendment or supplementation.  Thus, Plaintiff's attempt to add new claims based on two conclusory allegations is futile because he fails to properly state a claim.

Plaintiff also appears to assert new claims based on the American Declaration of the Rights and Duties of Man and the United Nations Universal Declaration of Human Rights.  Id. Both of these "claims" are unsupported by any factual allegations and fail to state a claim. Finally, in "Claim I" of the "Statement of Claims" section of his proposed supplemental complaint, Plaintiff refers to Defendant's alleged obstruction of his due process right to complete the bringing of this lawsuit against the VA.  He makes a reference to the VA's alleged refusal to advise him of its counsel so that Rule 26(f) conference could be held and his civil action continue.  As the record in this case makes clear, Plaintiff's action has proceeded in the normal course.  After he filed his Complaint, he moved for leave to file a First Amended Complaint

which was granted.  Service occurred in June 2014, making Defendant's appearance in the action

and response to the First Amended Complaint due August 19, 2014.  See ECF 16, 17, 18, 19.

Defendant obtained an extension of time to respond to the First Amended Complaint and was not

required to make an appearance until September 2, 2014.  ECF 23, 24.  Upon the filing and

service of the motion to extend, Defendant's counsel's name and phone number were now

available to Plaintiff.  Defendant had no obligation to provide its counsel's identity any earlier.

Defendant timely filed its motion to dismiss.  The motion has been fully briefed and is under

advisement.   Plaintiff has made several filings during the pendency of the case.  There is no

support for the suggestion that Plaintiff's ability to proceed with this action has been impaired in

any way.

The purported claims based on the American Declaration of the Rights and Duties of

Man, the United Nations Universal Declaration of Human Rights, and on any alleged due process

violations are separate and distinct causes of action which are not appropriately brought in a

supplemental complaint.  Additionally, because none of the proposed new claims are supported

by sufficient factual allegations, they fail to state a claim.  See Bell Atl. Corp. v. Twombly, 550

U.S. 544, 555 (2007) (a plaintiff must allege the "grounds" of his "entitlement to relief" with

something "more than labels and conclusions" and "[f]actual allegations must be enough to raise

a right to relief above the speculative level").  Accordingly, Plaintiff's motion to supplement is

denied.

CONCLUSION

Defendant's motion to dismiss [31] is granted in part and denied in part.  The motion is

denied as to Plaintiff's non-medical records.  The motion is granted as to Plaintiff's medical

11 - OPINION & ORDER

records, as to any defendant other than "Veterans' Administration Portland Medical Center" (the only named defendant), and as to any claim for damages, costs, and attorney's fees.  Plaintiff's motion to for leave to file a supplemental complaint [56] is denied.

IT IS SO ORDERED.

Dated this _____ day of _____, 2015.


_____
Marco A. Hernandez
United States District Judge


12 - OPINION & ORDER