IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TAD K.L. ENGMAN,

        Plaintiff,                    No. 3:14-cv-00734-HZ

    v.

VETERANS ADMINISTRATION         OPINION & ORDER
PORTLAND MEDICAL CENTER,

        Defendant.

Tad K.L. Engman
19610 S.W. Sandra Lane
Beaverton, Oregon 97006

    Plaintiff *Pro Se*

Billy J. Williams
ACTING UNITED STATES ATTORNEY
District of Oregon
Kevin Danielson
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

    Attorneys for Defendant

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Plaintiff Tad K.L. Engman brings this action against the "Veterans Administration, Portland Medical Center," under the federal Privacy Act, 5 U.S.C. § 552a, complaining that Defendant changed his name on its medical and related records and failed to acknowledge his request to correct them. In a January 16, 2015 Opinion, I granted Defendant's motion to dismiss in part and denied the motion in part. As a result of that Opinion, the only claim remaining was one for injunctive relief as to non-medical records and only as to the named Defendant.

Defendant moves for summary judgment on the remaining claim. Plaintiff, despite being given extensions of time to complete discovery and to respond to the summary judgment motion, has failed to respond and instead seeks a stay of the case. I deny the motion to stay and I grant the motion for summary judgment.

## BACKGROUND

The claims are discussed in the January 16, 2015 Opinion. I do not repeat that discussion here. However, before reciting the facts relevant to Defendant's summary judgment motion, I note the procedural history of the case since that Opinion was filed because it is relevant to my denial of Plaintiff's motion to stay.

On the date that the January 16, 2015 Opinion was filed, I issued a separate minute order setting a discovery closure date of May 18, 2015, and a dispositive motion deadline date of June 18, 2015. ECF 60. The case had already been pending for more than eight months at that point. In a May 5, 2015 Order, I denied Plaintiff's motions to strike and for sanctions because they lacked merit. ECF 73. In that Order, I also extended the discovery cutoff date to May 29, 2015 and the dispositive motion date to June 30, 2015. Id. In a June 16, 2015 Order, I denied

Plaintiff's motion to compel disclosures, but I granted in part Plaintiff's motion for extension of time. ECF 79. As a result, discovery was extended to July 17, 2015, and dispositive motions were due July 31, 2015. Id. In a July 21, 2015 Order, I denied Plaintiff's motion to compel because the information sought was not relevant to the claim at issue. ECF 84. I noted that dispositive motions remained due on July 31, 2015. Id. In that same Order, I denied Defendant's motion for imposition of sanctions as unwarranted and inappropriate. Id.

On July 31, 2015, Defendant filed its summary judgment motion. On August 12, 2015, I denied Plaintiff's motion to compel "Full Disclosure of First Interrogatories" because it lacked merit. ECF 90. In that same Order, I also granted in part and denied in part another motion by Plaintiff to extend time. Id. I denied the motion as to an extension of discovery, noting that discovery closed on July 17, 2015 and Plaintiff provided no basis for why he was unable to serve or complete discovery before that deadline. Id. I allowed an extension of time for Plaintiff to file a summary judgment motion to August 31, 2015 and instructed Plaintiff that his response to the pending summary judgment filed by Defendant was due August 24, 2015 pursuant to Local Rule 7-1. Id.

On August 21, 2015, I denied Plaintiff's motion for appointment of counsel. ECF 94. Since that time, I have granted Plaintiff's several requests to extend the time to respond to Defendant's summary judgment motion. See ECF 96 (Aug. 26, 2015 Order extending date to Sept. 23, 2015); ECF 98 (Sept. 25, 2015 Order denying motion to extend discovery deadline but extending summary judgment response date to Oct. 23, 2015); ECF 100 (Oct. 19, 2015 Order extending response date to Nov. 13, 2015); ECF 102 (Nov. 16, 2015 Order extending response date to Dec. 31, 2015). As a result of the extensions of the case schedule, Plaintiff had more than

3 - OPINION & ORDER

fourteen months to pursue discovery from the time the Complaint was filed until July 31, 2015, and had five months in which to respond to the summary judgment motion.

In support of its motion, Defendant represents that it creates and maintains medical and non-medical records for veterans seeking medical treatment. Krumberger Decl. at ¶ 2. Its computer records are maintained in two different systems: VistA and CPRS. Id. at ¶ 3. The "VistA" system is the "Veterans Health Information Systems and Technology Architecture," described as a "Health Information Technology (IT) system." Id. According to Krumberger, it provides "an integrated inpatient and outpatient electronic health record for VA patients, and non-medical record information such as enrollment, military discharge information, address/contact information, billing, etc." Id. "CPRS" is a "Computerized Patient Record System" that enables the user to "enter, review, and continuously update all the information connected with any patient." Id. One can "order lab tests, medications, diets, radiology tests and procedures, record a patient's allergies or adverse reactions to medications, request and track consults, enter progress notes, diagnoses, and treatments for each encounter, and enter discharge summaries." Id. It also "supports clinical decision-making" and allows the user to review and analyze patient data. Id. It contains some non-medical information such as copies of correspondence, enrollment, and address/contact information.

According to Krumberger, records in the VistA database show the name of "TAD K L ENGMAN." Id. at ¶ 5. Records in the CPRS database show the name of "TAD K L ENGMAN." Id. Krumberger reports that any non-medical, scanned records that were added into Plaintiff's file before his name change was corrected may have his incorrect name and cannot be changed electronically to "Tad K. L. Engman." Id. at ¶ 7. However, all administrative (non-

medical) and medical records going into the electronic record will display the correct name of "TAD K L ENGMAN." Id. at ¶

## STANDARDS

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." Fed. Trade Comm'n v. Stefanchik, 559 F.3d 924, 927-28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Bias v. Moynihan, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing Celotex, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material. Suever v. Connell, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. Earl v. Nielsen Media Research, Inc., 658 F.3d 1108, 1112 (9th Cir. 2011).

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support

5 - OPINION & ORDER

his claim than would otherwise be necessary.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

DISCUSSION

I.  Motion to Stay

Plaintiff seeks a stay of the summary judgment motion under Rule 56(d) to allow him time to obtain affidavits or declarations, to take discovery, and to have an opportunity to properly address the facts.  Because discovery closed in July 2015 and Plaintiff's previous requests to extend the discovery period have been denied, no additional discovery is allowed and a stay for this purpose is unwarranted.  Plaintiff has had five months to "properly address the facts" and provides no justifiable basis for needing more time when the only issue is whether Defendant continues to display his name incorrectly on non-medical records.  The motion to stay is denied.

II.  Motion for Summary Judgment

Congress passed the Privacy Act to "'protect the privacy of individuals identified in information systems maintained by Federal agencies'" by regulating "'the collection, maintenance, use, and dissemination of information by such agencies.'"  Doe v. Chao, 540 U.S. 614, 618 (2004) (quoting Privacy Act of 1974, § 2(a)(5), 88 Stat. 1896).  The Privacy Act gives "detailed instructions" to federal agencies for managing their records and "provides for various sorts of civil relief to individuals aggrieved by" the government's failure to comply with the requirements.  Id.

Under the Privacy Act, an individual may request an amendment of a record pertaining to the individual.  5 U.S.C. § 552a(d)(2).  The agency then has a duty to acknowledge the amendment request and to "promptly" make the requested correction or inform the individual of

6 - OPINION & ORDER

the agency's refusal to do so. 5 U.S.C. §§ 552a(d)(2)(A) and (B). The Court "may order the agency to amend the individual's record in accordance with his request or in such other way as the court may direct." 5 U.S.C. § 552a(g)(2)(A).

Krumberger's Declaration establishes that Defendant has corrected Plaintiff's electronic non-medical records to read "Tad K L Engman." Plaintiff provides no evidence to create a dispute regarding this correction. Because the statute, as explained in the January 16, 2015 Opinion, allows only injunctive relief for Plaintiff's claim as pleaded in his First Amended Complaint, and Defendant has now corrected the non-medical records, summary judgment in favor of Defendant is appropriate.

CONCLUSION

Defendant's motion for summary judgment [86] is granted.

IT IS SO ORDERED.

Dated this 13 day of January, 2016.

Marco A. Hernandez
United States District Judge